IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

CONSUMER CRUSADE, INC.,
    A Colorado corporation,

    Plaintiff,

v.

CREVECOR MORTGAGE, INC., f/k/a
    CREVE COEUR MORTGAGE,
    a Missouri corporation,
HOWARD M. WEGMAN, and
Its Officers and Directors,

    Defendants.

---

## NOTICE OF REMOVAL

---

Defendants CreveCor Mortgage, Inc., f/k/a Creve Couer Mortgage ("CreveCor"), a Missouri corporation, Howard M. Wegman, and Its Officers and Directors (hereinafter "Defendants"), through their undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, hereby give notice of the removal of this action from the District Court, Denver County, Colorado to the United States District Court for the District of Colorado.   This removal is based upon the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332(a) and based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.   In support of said removal, Defendants state as follows:

### I.    INTRODUCTION AND BACKGROUND

This case is brought by Plaintiff Consumer Crusade, Inc., a Colorado corporation for alleged violations of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227

{00293777 / 1}

and the Colorado Consumer Protection Act ("CCPA"), C.R.S. § 6-1-702(1)(a).  Plaintiff alleges

that CreveCor sent unsolicited facsimile advertisements to its assignor, Lighthouse Mortgage.

CreveCor was served on April 5, 2006.  This Notice of Removal is, therefore, timely

under 28 U.S.C. § 1446(b).  See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S.

344 (1999).

Venue of this removed action is proper pursuant to 28 U.S.C. § 1441(a) because this

Court is the United States District Court for the district and division where such action is

pending.

## II.    FEDERAL QUESTION JURISDICTION

This action is removable to this Court under 28 U.S.C. § 1441 because this Court would

have original federal question over Plaintiff's claims pursuant to 28 U.S.C. § 1331, had Plaintiff

elected to file the action initially in federal court.

Federal courts may exercise federal question jurisdiction over TCPA claims.  See Kenro

v. Fax Daily, Inc., 904 F. Supp. 912, 915 (N.D. Ind. 1995).  Plaintiff has alleged violations of a

federal statute, the TCPA.  Therefore, this case arises under federal law, which is the basis for

Plaintiff's cause of action, and presents a federal question.  Thus, this Court has jurisdiction over

this action.

## III.    DIVERSITY JURISDICTION REMOVAL

This action is removable to this Court under 28 U.S.C. § 1441 because this Court would

have original diversity jurisdiction over Plaintiff's claims, pursuant to 28 U.S.C. § 1332, had

Plaintiff elected to file the action initially in federal court.  Plaintiff is a citizen of a different state

from Defendants' state of citizenship.  The amount in controversy exceeds $75,000 exclusive of

interest and costs.  Furthermore, this Court is the United States District Court for the district and

division where the state court action is pending.  This Court, therefore, is the appropriate court for removal pursuant to 28 U.S.C. §§ 1441(a) and (b).

      A.    *There is complete diversity between Plaintiff and Defendants.*

Plaintiff Consumer Crusade is a Colorado Corporation, with its principal place of business in the City of Greenwood Village, County of Arapahoe, State of Colorado.  See Plaintiff's Complaint, ¶ 1.  It is, therefore, a citizen of the state of Colorado.

Defendant CreveCor is a Missouri corporation.  Id. at 2.  CreveCor was at the time of the filing of this action and still is a corporation organized under the laws of the state of Missouri with its principal place of business in the state of Missouri.  CreveCor's principal place of business is not now, and never has been, in the state of Colorado.  CreveCor is not now, and never has been, a citizen of the state of Colorado.  Defendant Wegman, named, on information and belief, in his capacity as an officer, owner and/or director, is a citizen of the state of Missouri.  Mr. Wegman is not now, and at all times relevant to this action never has been, a citizen of the state of Colorado.

Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Defendants CreveCor and Howard M. Wegman are not citizens of Colorado and were not citizens of Colorado at any time relevant to this action, including the date of the incident giving rise to Plaintiff's Complaint, the date this action was filed, and the date of removal.  Accordingly, there is complete diversity between Plaintiffs and Defendants.

      B.    *The Amount in Controversy Exceeds $75,000 Exclusive of Interest and Costs.*

Plaintiff alleges that CreveCor sent unsolicited facsimile advertisements in violation of the TCPA and the CCPA.  Plaintiff's Complaint ¶¶ 9 through 22.  Plaintiff prays for an amount equal to three times the damages sought.  Plaintiff seeks damages exceeding $75,000.00.  See Complaint, **Exhibit A**.  The Civil Cover Sheet Plaintiff filed with its complaint certifies that it is

seeking damages in excess of $100,000.00.   Unless the law requires otherwise, the amount claimed by Plaintiff controls for the purposes of determining whether the amount in controversy meets diversity jurisdiction requirements.   Taylor v. Sandoval, 442 F.Supp. 491, 494 (D.Colo. 1977).   The amount in controversy is determined according to the amount demanded in good faith in Plaintiff's complaint regardless of the amount which is ultimately found to be due. Gibson v. Jeffers, 478 F.2d 216, 220 (10th Cir. 1973).   When, as here, a plaintiff's allegations as to the amount in controversy are made in filings in state court, and the case is later removed to federal court, there is a strong presumption that the plaintiff's allegations as to the amount in controversy are not in bad faith.   Miera v. Dairyland Insurance Company, 143 F.3d 1137, 1340 (10th Cir. 1998).

> C.    *Diversity of Citizenship is an Appropriate Basis of Federal Jurisdiction Over Claims Brought Under the TCPA*

Federal courts have diversity jurisdiction over TCPA claims.   See Gottlieb v. Carnival Corp., 436 F.3d 335, 336 (2d Cir. 2006); see also, Kopff v. World Research Group, L.L.C., 298 F. Supp. 2d 50, 55 (Dist. D.C. 2003) ("diversity of citizenship is an 'independent basis for federal jurisdiction,' and nothing in the TCPA precludes federal courts 'from hearing private TCPA claims where [this] independent basis for federal jurisdiction exits,'" quoting Kinder v. Citibank, 2000 U.S. Dist. LEXIS 13853, at 9-10).

## IV.    CONSENT OF ALL DEFENDANTS

Both named Defendants CreveCor and Howard M. Wegman, an owner, officer, and/or director, consent to removal of this case.   By consenting to removal, Defendants do not waive any defenses they may have including, but not limited to, improper service, or lack of personal jurisdiction.

## V.     COMPLIANCE WITH THE RULES

The Notice of Removal will be timely served on Plaintiff and its counsel and a Notice of

Filing of Notice of Removal will be timely filed in Denver District Court in the form attached as

**Exhibit B**.

In accordance with 28 U.S.C. § 1446 and D.C.COLO.LCivR 81.1, Defendants file

herewith a Notice of Filing of State Court Records, along with copies of all state court pleadings,

motions, and papers filed to date.   There are no hearings set before the Denver District Court

from which this case is being removed.

Pursuant to 28 U.S.C. § 1446(d), Defendants are today serving this Notice of Removal on

Plaintiff and filing a copy of this Notice with the Clerk of the District Court, City and County of

Denver, Colorado.

## VI. CONCLUSION AND REQUESTED RELIEF

For the reasons described above, Defendants respectfully request that this Court proceed

with this matter as if it had been originally filed herein and for such other and further relief to

which it may be justly entitled.

DATED: May 5th, 2006.

Kristin M. Bronson, Esq.
Rothgerber Johnson & Lyons LLP
One Tabor Center
1200 Seventeenth Street, Suite 3000
Denver, Colorado 80202-5855
Telephone: (303) 623-9000
Facsimile: (303) 623-9222
kbronson@rothgerber.com

Robert S. Kenney, Esq.
Polsinelli Shalton Welte Suelthaus PC
100 South Fourth Street, Suite 1100
St. Louis, Missouri 63102
Telephone: (314) 889-8000
Facsimile: (314) 231-1776
rkenney@pswslaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of  May, 2006, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

A.M. Demirali, Esq.
THE DEMIRALI LAW FIRM
875 South Colorado Boulevard, #662
Denver, Colorado 80246