IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 06–cv–00861–EWN–KLM

CONSUMER CRUSADE, INC., a Colorado corporation,

 Plaintiff,

v.

CREVECOR MORTGAGE, INC., f/k/a CREVE COEUR MORTGAGE,
a Missouri corporation, and
HOWARD M. WEGMAN, its Officers and Directors,

 Defendants.

---

## ORDER

---

 This matter comes before the court on "Defendants' Motion for Judgment on the Pleadings," filed April 25, 2007. Under Federal Rule of Civil Procedure 12(c), a complaint should be dismissed where it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief.'" *Callery v. U.S. Life Ins. Co.,* 392 F.3d 401, 404 (10th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 [1957]); *see* Fed. R. Civ. P. 12(c) (2008).

 Plaintiff is the assignee of various claims against Defendants based upon alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 6–1–101 *et seq.* (*See* Notice of Removal, Attach. 3 [State Ct. Compl.] [filed May 5, 2006].) Plaintiff does not assert any claims on its own behalf. (*See id.*)

Under Colorado law, claims brought under the TCPA are not assignable. *See U.S. Fax Law Ctr., Inc. v. iHire, Inc.*, 476 F.3d 1112, 1119–20 (10th Cir. 2007), *cert. denied* 128 S. Ct. 1062 (2008); *McKenna v. Oliver*, 159 P.3d 697, 700 (Colo. Ct. App. 2006), *cert. denied* No. 07SC23, 2007 WL 1181630 (Colo. Apr. 23, 2007). Claims brought under the CCPA are also unassignable. *See iHire*, 476 F.3d at 1120 n.7; *U.S. Fax Law Ctr., Inc. v. Myron Corp.*, 159 P.3d 745, 747 (Colo. Ct. App. 2006), *cert. denied* 2007 Colo. LEXIS 335 (Colo. Apr. 23, 2007). Consequently, I find that Plaintiff lacks standing to pursue its claims. *See iHire*, 476 F.3d at 1120. As such, judgment for Defendants is required.

Based on the foregoing, it is therefore ORDERED that:

1. DEFENDANTS' motion (#38) for judgment on the pleadings is GRANTED. The clerk shall forthwith enter judgment in favor of Defendants and against Plaintiff, dismissing Plaintiff's claims with prejudice.

Dated this 4th day of March, 2008

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge